UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CATERPILLAR INC.,<br><br>                Plaintiff,<br><br>v.<br><br>INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                Defendants. | Case No. 4:25-cv-1050 |

## COMPLAINT

Caterpillar Inc. ("Caterpillar" or "Plaintiff") alleges as follows for its Complaint against the Partnerships and Unincorporated Associations Identified on Schedule "A" (collectively, "Defendants"):

## NATURE OF THE ACTION

1. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.*, resulting from Defendants' infringement of at least one U.S. design patent.

## THE PARTIES

2. Caterpillar is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 5205 N. O'Connor Boulevard, Suite 100, Irving, Texas 75039.

3. Caterpillar is informed and believes that Defendants are individuals and entities who reside in the People's Republic of China. On information and belief, Defendants at least offer

for sale and sell their infringing filters throughout the United States, through at least the online marketplace eBay.com ("eBay"), including in this District.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. Accordingly, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. § 1391 because, on information and belief, each of the Defendants has purposefully directed commercial activities at residents of Texas, including within this District and Division, thereby establishing sufficient minimum contacts with Texas necessary to satisfy due process requirements. Specifically, Defendants, as foreign sellers operating through eBay, actively market and ship products to customers throughout the United States, including directly to Texas residents, and accept payment in U.S. dollars and/or funds from U.S. bank accounts. For example, each Defendant's eBay page states that it ships to the United States, including Texas, with Alaska and Hawaii being the only exclusions within the United States. Upon information and belief, Defendants have sold products incorporating Caterpillar's patented filter design to buyers located in Texas. By engaging in these targeted e-commerce practices without any physical presence in the state, Defendants have deliberately availed themselves of the Texas marketplace and its legal safeguards, making it such that Defendants should reasonably expect to be subject to personal jurisdiction and venue in this District.

## PLAINTIFF CATERPILLAR

6. Caterpillar designs, develops, and manufactures a wide variety of engines, machinery, equipment, and vehicles under this brand name. For example, Caterpillar manufactures engines for use in Caterpillar-produced machines, including, but not limited to, earth-moving

machinery, such as track and wheel tractors, track and wheel loaders, track and wheel excavators, bulldozers, motor graders, and backhoe loaders, for use in the construction and earth moving industries. These products are promoted and sold under Plaintiff's registered trademarks, including the famous CATERPILLAR® and CAT® marks.

7. Caterpillar invests substantial money and other resources in the research and development of new and improved technology for products in these fields.

8. Caterpillar also invests substantial time, effort, and resources to protect its innovations through filing and prosecuting patents in the United States and many other countries around the world. Caterpillar and its related entities have more than 10,000 U.S. patents.

9. Caterpillar manufactures and is currently one of the world's largest manufacturers of engines. Caterpillar's engines promoted and sold under the CAT® trademark have a wide range of applications, including construction, mining, industrial/OEM, marine, oil and gas, power generation, on and off-highway vehicle engines and transmissions, as well as residential and commercial lawn care equipment.

10. Caterpillar also manufactures replacement filters under the CAT® brand name for its engines. Hundreds of millions of individual filters have been sold by Caterpillar since at least as early as 1948 under the CAT® brand name.

11. Caterpillar's investment in the research and development of its filters is particularly important to Caterpillar because high-quality, high-performance filters are necessary to maintain the integrity of Caterpillar's engines. This ensures Caterpillar's engines operate at the highest level and at an optimal performance level that Caterpillar's customers expect. For example, the use of a poor-quality fluid filter can severely damage a CAT® branded engine costing thousands of dollars in engine repairs and lost production.

12. For decades, Caterpillar has, and continues to promote and sell consumable fluid filters under the CAT® trademark for use with CAT® and CATERPILLAR® branded engines, machinery, equipment, and vehicles, as shown below:



**Exhibit 2** (last visited Sept. 18, 2025).



**Exhibit 3** (last visited Sept. 18, 2025).

As seen in the screenshot illustrated above (Exhibit 3), the "Filter & Fluids" section on Caterpillar's website promoting and selling its various CAT® branded replacement parts reveals 1200 separate listings of filters currently sold and promoted by Caterpillar under the CAT® mark.

13.     Caterpillar has enjoyed appreciable success in the sales of replacement filter products and has expended substantial resources advertising and promoting its genuine replacement filters under the CAT® trademark throughout the United States and the World.

14.     Due to the popularity of Caterpillar's engines and the high replacement rate for fluid filters, it is common for "will-fit" manufacturers to sell replacement filters for use on Caterpillar's engines and to advertise their products as compatible with one or more Caterpillar® engines or machines. This is what Defendants are attempting to do with respect to their non-genuine, purportedly will-fit filters that they advertise as compatible with certain Caterpillar®

engines or machines. In doing so, at minimum, Defendants are offering for sale and selling filters that infringe at least one of Caterpillar's U.S. patents.

15. Defendants sell at least one allegedly will-fit filter that they falsely advertise as being aftermarket replacements for Caterpillar's genuine filters:

- Part No. 479-4131: Water Separator Element; and
- Part No. 479-4133: Ultra High Efficiency Fuel Water Separator.

Such aftermarket so-called replacement filters are collectively referred to as the "Infringing Products."

## THE PATENT-IN-SUIT

16. Caterpillar is the assignee and owner of U.S. Design Patent No. D754,304 ("the '304 patent") which covers an original and unique ornamental design of a cap for use on an engine filter. The '304 patent, entitled "Filter cap," was duly and legally issued by the U.S. Patent and Trademark Office on April 19, 2016. A copy of the '304 patent is attached as **Exhibit 1**.

17. The '304 patent is presumed valid pursuant to 35 U.S.C. § 282.

18. Caterpillar sells filters covered by the '304 patent, including at least part numbers 479-4131 and 479-4133:


479-4131: Water Separator Element


479-4133: Ultra High Efficiency Fuel Water Separator

**DEFENDANTS AND THEIR SALE OF "AFTERMARKET REPLACEMENT" FILTERS**

19. Defendants are an interrelated group of individuals and entities who, on information and belief, reside in the People's Republic of China.

20. Defendants offer for sale and sell their Infringing Products to consumers on eBay through use of a username that does not correspond to any registered business name or specific individual. Such practices allow Defendants to promote and sell their products anonymously on eBay while masking their identities and specific physical location or addresses.

21. eBay intentionally limits the identification information for each of its sellers to only the seller's generalized location and the date it started selling on the platform. Below are exemplary eBay seller pages from two Defendants:



22. On eBay, Defendants offer for sale an Infringing Product sold as a single filter with a typical price of about $25.00 as compared to roughly $40.00 for one of Caterpillar's genuine filters. Defendants also offer for sale on eBay multi-packs of Infringing Products, for example a pack of four filters, with a typical price of $80.00 as compared to roughly $160.00 for a four-pack of Caterpillar's genuine filters.

23. Defendants' listings on eBay all share either identical, or nearly identical, product identification information such as the following:

- **Upright orientation image**. Each listing contains what appear to be identical images with one or more filters oriented vertically from bottom to top in the frame.



- **Diagonal orientation image**. Each listing contains what appear to be identical images of a single filter oriented diagonally from bottom-left to top-right in the frame.



- **Consistent studio lighting and shadow-free execution**. Each listing contains images with the same uniform, diffuse lighting that minimizes shadows.

9

- **Identical scale and framing**. Each listing contains images where the filters are sized similarly relative to the frame (centered, occupying most of the space), implying a fixed camera setup or template for batch photography.

- **Plain white background**. Each listing contains images with no variation in background color, texture, or props.

- **The use of "MPN" in product description**. In an apparent reference to Caterpillar's part number, many of Defendants' listings use the letters "MPN," (believed to be a reference to "Manufacturer's Part Number") often followed immediately by two displays of the same part number, one without a hyphen and one with a hyphen between the third and fourth numerals.

- **Repetition of the typographical error in "Package Include:" in product description**. Many of Defendants' listings repeat the use of an apparent typographical error in the phrase "Package Include:" often flowing directly into more text without a space, an apparent typographical error.

- **Repetition of the typographical error in "Fiment For" in product description**. Many of Defendants' listings repeat the use of an apparent typographical error in the phrase "Fiment For," (an apparent misspelling of the word "Fitment") often followed immediately by a list of alphanumeric identifiers apparently referencing various of Caterpillar's machines that may use the filter offered by Defendants.

24. Below are examples of the typographical errors found in the product descriptions:

| | |
|---|---|
| MPN 4794131 479-4131<br><br>Package Include:Filter x2<br><br>Note:This is an aftermarket replacement part. | Defendant A, Listing 1 |
| Package Include:Filter x2<br><br>Note:This is an aftermarket replacement part. | Defendant C, Listing 10 |
| Fiment For M320F M322F MH3022 MH3024 MH3026<br><br>MPN: 4794131 479-4131<br><br>Package Include:Filter x2 | Defendant D, Listing 20 |

25. Screenshots of each of Defendants' eBay listings are attached as **Exhibits 4A-4AC**.

26. Because each listing uses the same images in the same vertical and diagonal orientations, with the same consistent studio lighting and shadow-free execution, with identical scale and framing, and with the same plain white background, coupled with the use of the "MPN" followed immediately by two displays of Caterpillar's same part number, one without a hyphen and one with a hyphen between the third and fourth numerals, coupled with the repetition of the typographical errors in "Package Include:," and "Fiment For" in the product description, upon information and belief, Defendants' unlawful operations arise out of the same transaction or occurrence or series of transactions or occurrences.

27. Defendants have infringed and continue to infringe the '304 patent by at least offering for sale and selling the Infringing Products on eBay.

## CATERPILLAR'S PAST EFFORTS ENFORCING ITS VALUABLE INTELLECTUAL PROPERTY RIGHTS ON EBAY

28. Caterpillar has invested heavily in monitoring online marketplaces such as eBay for patent infringement by overseas sellers, and its processes have resulted in the identification of many hundreds of listings that infringe its intellectual property.

29. Caterpillar has successfully enforced its patent rights against overseas sellers of Infringing Products on other online marketplace platforms such as Amazon and Walmart, by making use of each platform's in-house intellectual property infringement enforcement tools. However, Caterpillar has had limited success with similar enforcement of its patent rights against the Infringing Products using the in-house intellectual property infringement enforcement tools offered by eBay.

30. eBay maintains its Verified Rights Owner ("VeRO") Program which allows intellectual property rights owners to report listings that infringe on trademarks, copyrights, or utility and design patents. To request removal of such listings, the user submits a Notice of Claimed Infringement.

31. While the program identifies its goal to protect intellectual property while maintaining a fair marketplace, eBay refuses to remove any design patent or utility patent infringements absent the submission of a court order rendering a judgment of patent infringement.

32. Caterpillar has attempted to enforce its patent rights against infringers using the eBay VeRO program on numerous occasions and in each instance, eBay informed Caterpillar that it would not take any action unless and until Caterpillar secured a court order of patent infringement.

33. Because of eBay's policies, Caterpillar has no way of learning the identity of a seller of a product infringing a Caterpillar design or utility patent, and because of the demands of

eBay's VeRO Program to secure a court order of patent infringement before eBay will remove a posting for an Infringing Product, there is widespread and significant infringement of Caterpillar's intellectual property rights on the eBay online marketplace platform.

## COUNT I – PATENT INFRINGEMENT
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D754,304

34. Caterpillar repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

35. The '304 patent issued on April 19, 2016, and is valid and enforceable.

36. Caterpillar is the assignee of all right, title, and interest in the '304 patent.

37. Without permission or authorization from Caterpillar, at minimum, Defendants have offered for sale and/or sold and continue to offer for sale and/or sell including, without limitation, the Infringing Products, in violation of the '304 patent.

38. The following is a picture taken of one of Defendants' filters that is representative of the Infringing Products' design:



Defendant C10

39. Figure 2 of the '304 patent illustrates the claimed ornamental design for a filter:



Fig. 2

40. Defendants' Infringing Products each contain each and every aspect of the claimed design in the '304 patent.

41. Defendants' Infringing Products each have an overall appearance that is confusingly similar to the claimed design in the '304 patent.

42. Defendants' Infringing Products each have an overall appearance that is substantially the same as the claimed design in the '304 patent.

43. Defendants' conduct has caused and will continue to cause Caterpillar substantial damage, including irreparable harm, for which Caterpillar has no adequate remedy at law, unless and until Defendants are enjoined from infringing the '304 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Caterpillar respectfully requests that this Court enter judgment against Defendants as follows:

A. For judgment that Defendants have infringed the '304 patent;

B. For a preliminary and permanent injunction enjoining Defendants and its agents, officers, directors, employees and all persons in privity or active concert or participation with them, directly or indirectly, from:

   i. infringing, inducing others to infringe, or contributing to the infringement of the '304 patent;

   ii. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products; and

   iii. effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) and (ii);

C. For entry of an order that, upon Caterpillar's request, those with notice of the injunction, including, without limitation, eBay, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

D. For a judgment and award that Defendants account for and pay to Caterpillar damages adequate to compensate for Defendants' infringement of the '304 patent, including lost profits but in no event less than $250 per listing by Defendant, pursuant to 35 U.S.C. § 289;

E. For a judgment and an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

F. For a judgment and an award of all pre-judgment interest, post-judgment interest, and costs; and

      G.      For a judgment and an award of such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 24, 2025

By: /s/ *Kadie M. Jelenchick*
Kadie M. Jelenchick, WI Bar No. 1056506
Andrew J. Salomone, WI Bar No. 1118808
William J. Ulrich, WI Bar No. 1140328
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: (414) 271-2400
Email: kjelenchick@foley.com
Email: asalomone@foley.com
Email: will.ulrich@foley.com

*Attorneys for Plaintiff Caterpillar Inc.*